# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# CENTRAL DIVISION
# AT FRANKFORT

| | |
|---|---|
| AMBER HORTON,<br><br>    Plaintiff,<br><br>V.<br><br>JESSIE KOLB, et al.,<br><br>    Defendants. | CIVIL ACTION NO. 3: 19-92-KKC<br><br>MEMORANDUM OPINION<br><u>AND ORDER</u> |

\*\*\* \*\*\* \*\*\* \*\*\*

Plaintiff Amber Horton[1] has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. [R. 1] The Court has granted her motion to proceed *in forma pauperis* by separate Order. [R. 6] The Court must conduct a preliminary screening of the complaint. 28 U.S.C. § 1915(e)(2). During this review the Court affords the plaintiff's complaint a forgiving construction, accepting as true all non-conclusory factual allegations and liberally construing its legal claims in the plaintiff's favor. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012). A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Hill v. Lappin*, 630 F. 3d 468, 470-71 (6th Cir. 2010).

---

[1] The complaint lists Jason Horton as a co-plaintiff, but he did not sign the complaint as required by Rule 11(a) of the Federal Rules of Civil Procedure and he did not file a separate motion to proceed *in forma pauperis*. The Court therefore treats this action as one brought solely by Amber Horton. That said, the Court's resolution of the claims presented would have been the same even if it had treated the complaint as asserted by Jason Horton as well.

Horton's 24-page complaint describes events dating back to 2006 involving her interactions with various state officials regarding the care and custody of her minor children. The statute of limitations to assert a civil rights claim under § 1983 for events occurring in Kentucky is one year. *King v. Harwood*, 852 F. 3d 568 (6th Cir. 2017) (citing *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990)). The same limitations period applies to conspiracy claims, whether asserted under 42 U.S.C. § 1985 or directly under Kentucky law. *Huang v. Presbyterian Church (U.S.A.)*, 346 F. Supp. 2d 961, 974 (E.D. Ky. 2018) ("Kentucky's one-year statute of limitations for conspiracies, KRS 413.140(1)(c), applies to 42 U.S.C. § 1985 actions because it is most analogous to the § 1985 actions.") (quoting *Eubank v. Collins*, No. CIV.A. 11-326-C, 2012 WL 245234, at *1 (W.D. Ky. Jan. 26, 2012)). By its terms, 42 U.S.C. § 1986 requires claims to be asserted within one year. Thus, any claims arising out of events transpiring before December 18, 2018, are time-barred, including those described in the complaint as occurring in 2006, 2012, 2016-2017, and most of 2018. Nearly all of the plaintiff's allegations relate to events during this period. [R. 1 at 1-24] Horton does indicate that she was arrested twice in 2019 for failing to pay child support; however, she does not attribute blame for those events to any person or named defendant. [R. 1 at 20] And while Horton attached approximately 90 pages of documents to the complaint [R. 1-1 through R. 1-6], some of which relate to events occurring in 2019, her complaint itself does not reference these documents or assert any claims arising out the events reflected within them. The bulk of Horton's claims thus appear to be time-barred and subject to dismissal with prejudice.

Horton names Jeremy Holcomb and Kelly Holcomb, foster parents for her children, as defendants. But civil rights claims under § 1983 may not be asserted against private citizens because they do not act "under color of law," meaning on behalf of the government. *American*

*Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999). And the claims against court clerks Stacey Bruner and Sheri Bruner appear to be predicated solely upon negligent rather than intentional acts, but this is not an adequate foundation for a due process claim. *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 848-49 (1998). These civil rights claims, although not clearly defined in the complaint, are also subject to dismissal with prejudice.

At bottom, however, the Court concludes that the complaint should be dismissed ***without*** prejudice because the claims asserted within it are entwined with both long-past and quite recent domestic relations and criminal non-support proceedings in the state courts.[2] While most trial-level state courts are vested with general jurisdiction, "federal courts are courts of limited jurisdiction," and "the burden of establishing" a jurisdictional basis "rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). As the plaintiff, that burden falls upon Horton. *Chevalier v. Estate of Barnhart*, 803 F.3d 789, 794 (6th Cir. 2015). The Court has an ongoing "duty to consider [its] subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*." *Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) ("Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it.").

Here, Horton asks the Court to review and reject child custody and support determinations already made by the Kentucky courts. [R. 1 at 22] But "[f]ederal courts have no jurisdiction to resolve [such] domestic relations disputes[.]" *Partridge v. Ohio*, 79 F. App'x 844, 845 (6th Cir.

---

[2] Cf. *Commonwealth v. Horton*, No. 19-F-00021 (Trimble Dist. Ct. 2019), docket available at https://kcoj.kycourts.net/CourtNet/Search/CaseAtAGlance?county=112&court=1&division=DI&caseNumber=19-F-00021&caseTypeCode=FE&client_id=0 (last visited on Dec. 19, 2019).

2003). Although the plaintiff invokes § 1983, the Court "lack[s] jurisdiction where ... the suit is actually concerned with domestic relations issues." *Danforth v. Celebrezze*, 76 F. App'x 615, 616 (6th Cir. 2003). And Kentucky has important state interests in applying its own laws to child support and custody determinations, particularly if abuse is alleged. Because the plaintiff may assert her due process claims in the state proceedings, abstention is warranted. *Hughes v. Hamann*, 23 F. App'x 337, 338 (6th Cir. 2001) ("An exception to federal court jurisdiction is generally recognized for cases in which the parties are seeking a declaration of their rights in the domestic relations context.") (citing *McLaughlin v. Cotner*, 193 F.3d 410, 413-14 (6th Cir. 1999)); *Torres v. Gaines*, 130 F. Supp. 2d 630, 635-36 (D. Conn. 2015). The Court will therefore dismiss this matter, without prejudice, so that the plaintiff may pursue these matters in the proper forum.

Accordingly, the Court **ORDERS** as follows:

1. The Plaintiff's Complaint [R. 1] is **DISMISSED**, without prejudice.
2. The Court will enter an appropriate judgment.
3. This matter is **STRICKEN** from the docket.

Entered: December 20, 2019.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY